**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AOM Group, LLC, et al., | No. CV-10-830-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Downey Savings and Loan Association, F.A., et al., | |
| Defendant. | |

Currently pending before the Court are Defendant Deutsche Bank National Trust Company's Motion to Dismiss, (Doc. 14), Janice Edward's Motion to Intervene, (Doc. 18), and Defendant Deutsche Bank National Trust Company's Motion for Summary Disposition, (Doc. 21). After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

According to the allegations in the Complaint, along with the publicly recorded documents attached thereto, on August 15, 2006, Robert Kochmann, executed a Deed of Trust with respect to the property in question. The Lender and Beneficiary on Robert Kochmann's home loan was Defendant Downey Savings and Loan Association, F.A. The original Trustee was DSL Service Company. On August 31, 2006, Downey Savings and Loan Association, F.A., assigned the Deed of Trust to Defendant Deutsche Bank National Trust Company, as Trustee for the Registered Holders of DSLA Mortgage Loan Trust

Mortgage Loan Pass-Through Certificates, Series 2006-AR2 (Deutsche Bank as Trustee). On August 14, 2009, Deutsche Bank as Trustee executed a Notice of Substitution of Trustee wherein they appointed Cal-Western Reconveyance Corporation as the Trustee under the Deed of Trust. On January 5, 2010, Cal-Western Reconveyance Corporation executed a Notice of Trustee's Sale, announcing a Trustee Sale would take place on April 8, 2010.

On April 7, 2010, Plaintiff APM Group filed a Complaint, alleging twelve claims against Defendants for: (1) wrongful foreclosure, (2) quiet title, (3) fraudulent misrepresentation, (4) breach of fiduciary duty, (5) unjust enrichment, (6) civil conspiracy to commit fraud, (7) fraud, (8) breach of contract, (9) violation of the Arizona Consumer Fraud Act, (10) violation of the Arizona Assignment and Satisfaction of Mortgage Law and Invalid Deed of Trust, (11) violation of the Uniform Commercial Code ARS 47-3100 Et Seq and Arizona.s Recording Statute, and (12) Declaratory Judgment Declaring the Arizona Deed of Trust Statute to be Unconstitutional. Plaintiff then filed an Amended Complaint, alleging the same twelve claims.[1]

---

[1] The Court notes that this case is but one in a series of lawsuits filed by the AOM Group, who purport to act as trustee for a series of trusts formed by individuals who have defaulted on home loans secured by a Promissory Note and Deed of Trust. See AOM Group, LLC v. Mortgagit, Inc., 2:09-cv-02639-SRB; AOM Group, LLC v. Loancity, 2:10-cv-00088-GMS; AOM Group LLC v. Costal Capital Corp., 2:10-cv-00094-SRB; AOM Group, LLC v. DHI Mortgage Company, Ltd. ,2:10-cv-00208-GMS; AOM Group, LLC v. Countrywide Home Loans, Inc., 2:10-cv-00514-GMS; AOM Group, LLC, v. Irwin Mortgage Corp., 2:10-cv-00605-MHM; AOM Group, LLC v. Downey Savings and Loan Association, F.A., 2:10-cv-00830-MHM; AOM Group, LLC v. Fidelity Mortgage Financial, 2:10-cv-00972-DGC; AOM Group, LLC v. DHI Mortgage Company, Ltd., 2:10-cv-01043-JAT. Most of the AOM Group's cases were filed between the months of January and March 2010, and seven out of the nine lawsuits assigned to other Judges in this District have been dismissed against Plaintiff. As to the two remaining open cases: in AOM Group, LLC v. Countrywide Home Loans, Inc., 10-cv-00514-GMS, Judge Snow has issued a pending order to show cause why the case should not be dismissed for the AOM Group's failure of to comply with a court order, 10-cv-00514-GMS, Doc. 34, and in AOM Group LLC v. Costal Capital Corp., 2:10-cv-00094-SRB, Judge Bolton dismissed the AOM Group's claims against one of the defendants on res judicata grounds, while also sanctioning the AOM Group and its counsel, Mr. Richard Clark, for asserting claims that were patently frivolous. See 2:10-cv-00094-SRB, Doc. 32. It appears, after reviewing the pleadings in this

After reviewing the relevant pleadings in this case, the Court find that Plaintiff AOM Group lacks the requisite standing needed to pursue its claims against all of the Defendants. Because the AOM Group does not possess a cognizable legal interest in the subject matter of the litigation, dismissal of its Complaint is required. Whether a party has standing under Article III of the Constitution is a "threshold jurisdictional question" that a court must decide before it may consider the merits. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102 (1998). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The party seeking jurisdiction bears the burden of establishing standing. Id. at 561. "Since [the elements of standing] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." Id. Because federal courts are courts of limited jurisdiction, the presumption is that they lack jurisdiction unless the party asserting jurisdiction establishes it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). At an "irreducible constitutional minimum," standing requires the party asserting the existence of federal court jurisdiction to establish three elements: (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) causation; and (3) a likelihood that a favorable decision will redress the injury. Lujan, 504 U.S. at 560-61. According to the Complaint, the AOM Group had no involvement whatsoever in the lending process. Nor is the AOM Group named on any of the relevant Deed of Trust documents that were attached to its Amended Complaint. It was Robert Kochmann who entered into the loan on the property in what appears to be his individual capacity, and the allegations in the Complaint all stem from that activity, and Kochmann is not a party to this lawsuit in that capacity. Because the Plaintiff AOM Group are strangers to Kochmann's loan, they lack the jurisdiction to litigate claims on his behalf, and dismissal is required

---

case and the other cases that the AOM Group operates as nothing more than a complex ruse designed to frustrate and delay otherwise lawful non-judicial foreclosures in the State of Arizona.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendants Deutsche Bank National Trust Company's Motion to Dismiss, (Doc. 14), and Motion for Summary Disposition, (Doc. 21).

**IT IS FURTHER ORDERED** denying as moot Janice Edward's Motion to Intervene. (Doc. 18).

**IT IS FURTHER ORDERED** directing the Clerk to close this case and enter judgment accordingly.

DATED this 25th day of August, 2010.

_____
Mary H. Murguia
United States District Judge